## HAMILTON v
## YOUNGSTOWN MUNICIPAL RY CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2359.   Decided April 16, 1937

Peter B. Betras, Youngstown, for appellant.

Harrington, Huxley & Smith, Youngstown, for appellee.

### OPINION

By CARTER, J.

This cause is in this court upon appeal on questions of law. The plaintiff institut-

ed his action against the defendant in the Court of Common Pleas, and in his petition he alleges he received certain personal injuries and damages to his car, which was struck by a bus operated at the time by the agents and employes of the defendant company.

The defendant filed its answer, admitting certain matters not material in making disposition of the question presented. It then denied the negligence charged and further alleged that the accident was caused and brought about solely by and through the negligence of plaintiff, in that he, in driving in an easterly direction on West Federal Street, crossed to the northerly side of the street in an attempt to make a left hand turn from West Federal Street into Worthington Street, and drove directly into the path of defendant's west bound bus.

A further allegation is to the effect that the negligence consisted of failure upon the part of the plaintiff to give any warning visible outside his vehicle of his intention to change the course of his vehicle to the wrong side of the street. The cause came on for trial to the court and jury, and at the conclusion of plaintiff's evidence motion was made by defendant for a directed verdict. This motion was sustained, the court giving as his reasons the following:

"Giving to the plaintiff's testimony every favorable construction and interpretation, it appears first, as a matter of law to the court that the evidence is sufficient to show, based on the testimony adduced, negligence on the part of the defendant, but the evidence also shows negligence on the part of the plaintiff as a matter of law directly contributing to the accident. Under the statute, plaintiff in changing the course of his automobile was required to make sure that that could be done in safety. He stopped in the middle of the intersection, he says, two or three cars came followed by the bus; he waits until the two or three cars pass by, and at the time the last car passed the bus was according to him about 125 feet distant, coming at the rate of forty to forty-five miles an hour, the bus would be traveling about 60 feet per second."

The court then further computes the distance that the bus would travel in a second and concludes that he could reach no other conclusion but that the plaintiff was negligent as a matter of law, directly contributing to his injuries.

Sec 6310-22 GC provides:

"Drivers of vehicles, before turning, stopping or changing their course shall make sure such movement can be made in safety, and shall cause signals to be made of their intention in a way visible outside the vehicle."

In the case of **Scott, Admrx., Appellee v Hy-Grade Food Products Corp., Appellant, 131 Oh St 225,** the second paragraph of the syllabi is as follows:

"Negligence per se consists of the violation of a specific requirement of law or ordinance. The only specific requirement of §6310-22, GC, is that the driver of a vehicle shall cause a signal to be given of his intention before turning, stopping or changing his course."

It will be observed that the court in the above entitled case held that the only specific requirement in §6310-22, GC, is that the driver of a vehicle shall cause a signal to be given of his intention before turning, stopping or changing his course, and plaintiff testified he complied with this statute by putting his hand out before turning.

The provision in the statute that a driver shall make sure such movement can be made in safety is not a specific requirement but a rule of conduct, the violation of which is not negligence in and of itself, but presents a jury question.

The evidence discloses that plaintiff was driving easterly on West Federal Street, and the bus westerly. When plaintiff reached the intersection of Worthington Street, which intersects West Federal Street from the north, he stopped his car to permit two or three cars to pass, going westerly on West Federal Street, and about the time the last car had passed, he saw the bus in question coming at a rate of speed of about forty or forty-five miles per hour. There appears to be a bus stop at this intersection, and the record further discloses that when plaintiff first saw the bus, it was near the center of West Federal Street, and about 125 to 150 feet away, when he started to make the turn into Worthington Street.

His testimony is somewhat conflicting as to whether he thought the bus was preparing to stop; in fact, he testifies both ways on this question. However, on page 33 of the record, on cross examination, this question was propounded:

"Q. Well, I am asking you now, did you think the bus was going to stop at North Worthington?

A. Sure."

There is other evidence in the record indicating that plaintiff was of the impression that the bus was going to stop at this corner. It is true that he testified otherwise in the record, and this court is in no position to say at which time he was telling the truth, and giving to the plaintiff the most favorable construction which we are required to do in disposing of a motion of this kind; that is, that he thought the bus was going to stop, we have a situation presented that appears to this court to be a jury question. True, he might have been mistaken as to whether or not the bus was going to stop. This is a question for the jury to determine under all the evidence in the case as bearing on the claimed negligence of the plaintiff. In the light of all the surrounding circumstances in this case, we think a jury question was presented and not one purely of law. To make sure a turn can be made in safety is not a specific requirement but a rule of conduct, the violation of which is not negligence per se.

Reversed and remanded.

ROBERTS and NICHOLS, JJ, concur.